**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| In Re: | Case No. 20-12669-KHK |
| ROBERT WILLIAM HALL, Jr., et al. | Hon. Klinette H. Kindred |
| Debtors. | |
| | |
| BORIS KUPERMAN, | Adversary No. _____ |
| Plaintiff, | |
| v. | |
| ROBERT WILLIAM HALL, Jr., | |
| Defendant. | |

**BORIS KUPERMAN'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND § 523(a)(6)**

Plaintiff Boris K. Kuperman ("Plaintiff" or "Mr. Kuperman") brings this action against Defendant Robert William Hall, Jr. ("Defendant", "Debtor" or "Hall") to determine the non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6), and in support thereof alleges as follows:

**I. STATEMENT OF FACTS**

1. During his search for a licensed and qualified contractor to assist in building a new primary residence for his family and himself, Creditor Boris Kuperman met the Debtor, Robert Hall, Jr. (hereinafter "Hall").

2. At that time, Hall falsely represented to Mr. Kuperman that Hall was a licensed contractor and developer who has over thirty-five (35) years of dedicated experience.

1

3. Hall further represented to Mr. Kuperman that Hall was a "Class A" licensed contractor in multiple states, including in the Commonwealth of Virginia, and that he had built multiple luxury properties, commercial shopping centers, apartment buildings, hotels, etc.

4. Hall further explained to Mr. Kuperman the importance of hiring a licensed and qualified contractor, considering the fact that Mr. Kuperman was planning to build a seven-figure priced home.

5. Hall assured Mr. Kuperman that he not only possessed a Virginia Class A contractor's license, but also that Mr. Hall had multiple other construction certifications.

6. Hall also represented to Mr. Kuperman that Hall possessed errors and omissions and general liability insurance coverage and that he had never been named as a defendant in a civil suit and had previously never filed for bankruptcy.  7.  Hall professed to be highly experienced and an expert with certifications in project management, framing, electrical, plumbing, mechanical, landscaping, grading, and underground work.

7. Hall also confirmed to Mr. Kuperman that Hall possessed all of the tools and machinery to do all the required work for Mr. Kuperman's new construction project.

8. Solely based on these representations, Mr. Kuperman hired Hall to complete electrical, plumbing and grading work for Mr. Kuperman's new residence construction project.

9. Only after engaging Hall did it become clear that not all the promises and representations regarding his qualifications were in fact accurate.  Mr. Kuperman discovered this only after Hall stopped showing up at the worksite and blocked Mr. Kuperman's phone number.

10. In fact, Mr. Hall did not possess a "Class A" Virginia contractor's license, nor any of the other construction certifications that he had told Mr. Kuperman he possessed.

11. Furthermore, Hall had been previously been named in civil actions as a defendant, and he had previously filed for bankruptcy at least three times.

12. In addition, Hall did not possess the tools, machinery or equipment to complete the required tasks, despite assuring Mr. Kuperman from the beginning that he did.

13. Accordingly, unbeknownst either to Mr. Kuperman or to City Concrete (another creditor of Hall's), Hall rented a bobcat from Sunbelt Rentals under City Concrete's corporate account. Hall rented the bobcat under City Concrete's account for the purpose of using it on Mr. Kuperman's property, without either Mr. Kuperman's knowledge or permission, or City Concrete's knowledge or permission.

14. After a period of time, City Concrete found out about the fraudulent rental and immediately terminated the rental, requiring the bobcat to be returned to Sunbelt Rentals. Because Mr. Kuperman was a past customer of City Concrete, that company back-charged Mr. Kuperman for the $14,000.00 rental, pointing out that the bobcat was being used on Mr. Kuperman's property.

15. Mr. Hall's act of renting a bobcat without Mr. Kuperman's permission by using another company's corporate account without that company's knowledge or permission constituted fraud and conversion. For these reasons, Hall is indebted to Mr. Kuperman for the cost of the unauthorized and fraudulent rental, namely $14,000.00.

16. Hall damaged property on Mr. Kuperman's premises in excess of $900.00, and also purchased unauthorized equipment and material using Mr. Kuperman's credit card in the amount of $7,500.00.

17. Hall also obtained $23,000.00 from Mr. Kuperman by deceit, fraud and false

pretenses under the guise of being a "Class A" licensed contractor who could perform project management, framing, electrical, plumbing, mechanical, landscaping, grading, and underground work on Mr. Kuperman's property. But for Hall's representations, Mr. Kuperman would never have hired Hall or paid him any money whatsoever.

18. Hall knew that Mr. Kuperman's agreement to pay and hire him rested on his promises and representations.

19. All of the work that Mr. Hall attempted to do on Mr. Kuperman's property has been rejected by Fairfax County inspectors as constituting shoddy workmanship typical of an unlicensed contractor.

20. Having to rip out all of the work that Mr. Hall attempted to do and to have that work redone by a properly licensed contractor will cost Mr. Kuperman $35,000.00.

21. Accordingly, Mr. Hall is indebted to Mr. Kuperman in the amount of $57,400.00. This amount is derived from the following:

| | | |
|---|---|---|
| $ 23,000.00 | Paid to Mr. Hall in reliance upon his fraudulent representations |
| 14,000.00 | Fraudulent bobcat rental |
| 7,500.00 | Unauthorized use of Mr. Kuperman's credit card |
| 900.00 | Damaged property |
| <u>35,000.00</u> | Cost of hiring new contractor |
| $80,400.00 | |
| ($23,000.00) | Money Mr. Kuperman would have had to pay a properly licensed contractor |
| $57,400.00 | Amount of indebtedness owed by Mr. Hall |

## II. JURISDICTION AND VENUE

22. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 523(a). This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(6) and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

23. Venue is properly laid in this district pursuant to 28 U.S.C. § 1409(a).

## III. PARTIES

24. Plaintiff Boris K. Kuperman is an individual with his principal place of business in Fairfax, Virginia.

25. Defendant Robert William Hall, Jr. is an individual residing in Fairfax, Virginia, and is a debtor in the above referenced bankruptcy case.

## IV. CAUSES OF ACTION

### CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(2)(A)

26. Plaintiff realleges and fully incorporates the allegations of Paragraphs 1 through 25 of his Complaint as fully set forth herein.

27. A debt is not dischargeable in bankruptcy to the extent that such debt is for money obtained by false pretenses, false representations or actual fraud. 11 U.S.C. § 523(a)(2)(A).

28. Hall made false and fraudulent misrepresentations to Mr. Kuperman, namely that (a) Hall was a "Class A" licensed contractor in multiple states, including in the Commonwealth of Virginia, who had built multiple luxury properties, commercial shopping centers, apartment buildings, hotels, etc. and who also possessed multiple additional construction certifications, that (b) Hall possessed all of the tools and machinery to do all the required work for Mr. Kuperman's construction project, and that (c) Hall had never been named as a defendant in a civil case and

had never previously filed for bankruptcy.

29.  Hall knew that he did not have the requisite "Class A" contractor's license to undertake the work.

30.  Hall had the requisite intent to deceive Mr. Kuperman, in that, at the very least, Hall displayed a reckless disregard for the truth when he misrepresented his qualifications to Mr. Kuperman, and Hall knew or should have known that Mr. Kuperman, in choosing a contractor, would be induced to rely on Hall's statements about his competence and qualifications in the field.

31.  Mr. Kuperman was induced by Hall's representations to hire and pay him as a contractor on the residential construction project.  Absent such representations, Mr. Kuperman would never have hired Hall or paid him any money whatsoever.

32.   Mr. Kuperman suffered harm as a result, including paying Mr. Hall $23,000 for shoddy work that did not pass county inspections and needs to be ripped out and redone by a licensed contractor at a cost of $35,000; becoming indebted to City Concrete in the amount of $14,000 for Hall's fraudulent rental of a bobcat through the unauthorized use of City Concrete's corporate account, despite Hall's representations that he already had the necessary equipment and machinery to do the job; incurring $7,500 in debt due to Hall's unauthorized use of Mr. Kuperman's credit card, to which Hall would not have had access except for his fraudulent misrepresentations; and suffering $900.00 in damage to Mr. Kuperman's property by virtue of Hall's activities thereon, since Hall would not have had access to Mr. Kuperman's property to do such damage absent his fraudulent misrepresentations.

33.  Mr. Kuperman justifiably relied on Hall's representations.  Mr. Kuperman was not

required to check on Hall's qualifications and was instead justified in relying upon Hall's representations that he was an experienced, "Class A" licensed contractor with many other construction certifications.

34. In fact, Mr. Hall is currently a fugitive in Fairfax County relative to Plaintiff's allegations herein, and currently has warrants for his arrest. Despite knowledge of such warrants, Hall refuses to turn himself in.

35. "[A]ny debt ... for money, property, services, or ... credit, to the extent obtained by" fraud, within the meaning of 11 U.S.C. § 523(a)(2)(A, encompasses any liability arising from money, property, etc., that is fraudulently obtained, *including treble damages*, attorney's fees, and other relief that may exceed the value obtained by the Debtor. *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998) (emphasis added).

36. Mr. Kuperman suffered loss as a result of Hall's willful violation of the Virginia Consumer Protection Act, Va.Code § 59.1-196 et seq., including but not limited to Hall's willful violation of Va.Code § 59.1-200(A)(14), and is therefore entitled to a recovery of treble damages against Hall pursuant to Va.Code § 59.1-204(A).

**WHEREFORE**, Plaintiff Boris Kuperman respectfully requests that the Court enter judgment against Defendant Robert William Hall, Jr. as follows:

(a) Declaring that Debtor Robert William Hall, Jr.'s indebtedness to Plaintiff, in an amount to be determined, is a non-dischargable debt pursuant to 11 U.S.C. § 523(a)(2)(A);

(b) Granting a non-dischargeable judgment in favor of Plaintiff against Debtor, in an amount to be determined, including without limitation, treble damages for willful violation of the Virginia Consumer Protection Act, prejudgment and post-judgment interest as applicable, costs

and expenses; and

(c) granting Plaintiff any other and further relief to which he may be entitled.

## CLAIM FOR RELIEF – 11 U.S.C. § 523(a)(6)

37. Plaintiff realleges and fully incorporates the allegations of Paragraphs 1 through 36 of his Complaint as if fully set forth herein.

38. Section 523(a)(6) of Title 11 excepts from discharge a debt incurred as a result of the Debtor's "willful and malicious injury" to the creditor or his property.

39. Conversion can constitute a willful and malicious injury to property for the purpose of § 523(a)(6). In the Commonwealth of Virginia, conversion is "the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis*, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000).

40. Hall converted the credit of City Concrete's corporate account to his own use, by the intentional, deliberate and unauthorized use of that account to rent the bobcat for operation on Mr. Kuperman's property, where that act of conversion was substantially certain to result in injury to Mr. Kuperman by rendering him liable for such rental.

41. Hall intentionally and deliberately undertook to convert City Concrete's corporate account to his own use, and thereafter attempted to keep this conversion secret and concealed from both City Concrete and Mr. Kuperman.

42. Hall also converted the credit afforded to him by access to Mr. Kuperman's credit card to run up an unauthorized debt of $7,500.00. Again, Mr. Hall acted willfully, as his actions were substantially certain to result in injury to Mr. Kuperman, and with malice, as Mr. Hall acted

intentionally and deliberately with knowing disregard for Mr. Kuperman's rights.

**WHEREFORE**, Plaintiff Boris Kuperman respectfully requests that the Court enter judgment against Defendant Robert William Hall, Jr. as follows:

(a) Declaring that Debtor Robert William Hall, Jr.'s indebtedness to Plaintiff, in an amount to be determined, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6);

(b) Granting a non-dischargeable judgment in favor of Plaintiff against Debtor, in an amount to be determined, including without limitation, prejudgment and post-judgment interest as applicable, costs and expenses; and

(c) granting Plaintiff any other and further relief to which he may be entitled.

Dated: February 18, 2021                                                                 Respectfully submitted,

/s/ Boris Kuperman_____
Boris Kuperman, Esq., VSB No. 91811
(Appearing Pro Se – As Creditor)
4160 Chain Bridge Road
Fairfax, Virginia 22030
703-385-7300 – Phone; 703-272-7900 – Fax
BK@GoreandKuperman.Com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 18, 2021, a true and correct copy of the foregoing Notice of Appearance and Request for Service was emailed to the debtor, Robert William Hall, J.R, and Jack Frankel, U.S. Trustee.

        /s/ Boris Kuperman_____
        Boris Kuperman